In re Estate of Emma Curby, Deceased, Aldea Hoch et al., Appellees, v. Ronald J. Curby, Appellant.

Gen. No. 10,231.

Opinion filed April 20, ·1948.   Released for publication May 10, 1948.

SAUM, BROCK & NELSON, of Watseka, for appellant; HARRISON G. SHEARON, of Watseka, of counsel.

T. R. JOHNSTON, of Kankakee, and ROBERT F. GOODYEAR, of Watseka, for appellees.

Mr. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Ronald J. Curby filed a petition in the county court of Iroquois county, alleging that he was the only son and heir-at-law of Emma Curby, deceased. He asked to be appointed administrator of her estate. Aldea Hoch filed an intervening petition in that proceeding, alleging that Ronald J. Curby was not the son and heir-at-law of Emma Curby, deceased, but that she, together with other nieces and nephews of Emma Curby, were her heirs-at-law. She prayed for letters of administration to be issued to herself.

At the hearing, the county court found that Ronald J. Curby was the son and heir-at-law of Emma Curby, deceased, and dismissed the intervening petition of Aldea Hoch. Aldea Hoch perfected an appeal to the circuit court of Iroquois county, and the court there held that Ronald J. Curby was not the son and heir-at-law of Emma Curby, deceased, and ordered letters of administration issued to Aldea Hoch. It is from this order that Ronald J. Curby has prosecuted an appeal to this court.

The petitioner, Aldea Hoch, produced witnesses that had known Emma Curby and her husband, Harry Curby, for many years. Some were close relatives, and others old neighbors and friends of the Curbys who had known them before their marriage, and had been intimately acquainted with them ever since. It is undisputed that Emma Curby and Harry Curby

214

have had no children until Ronald Curby made his
appearance in the family. The Curbys lived at Beaver-
ville, Illinois. The evidence shows that Emma Curby
told her friends that she was going to Chicago to get a
baby; that a sister had written her that she knew of a
baby whose mother had died, which she could get; that
she went to Chicago on the morning train, and most of
the witnesses say that she came back to Beaverville
that same evening, and had the baby, Ronald, with her.
Some of the witnesses who had children of their own,
testified that they saw the baby the next day, or a day
or so later, and in their opinion, he, at that time ap-
peared to be about three weeks old.

Other witnesses testified that they knew Emma
Curby well; saw her practically every day; saw her the
morning that she left for Chicago, and she had no
appearance of being pregnant. Other witnesses testi-
fied that she had told them that she never could have a
baby.

The baptismal record of St. Mary's Rectory,
for Beaverville, Illinois, was introduced in evidence
and is as follows: "Dec. 3, 1945. The 13th day of
March 1904, I the undersigned, Baptized NORMAL,
ROMEO, ROOSEVELT, JOSEPH, Adopted child of ARISTIDE
CURBY, legitimate son of HARRY HOOF AND OLLIO
SCHNEIDER, born February 27, 1904.

GODFATHER was ARISTIDE CURBY
GODMOTHER was HATTIE HYMAN

Signed: Rev. M. T. Dugas
Pastor."

It is admitted that Aristide in English is Harry. We
think this baptismal record was properly admitted in
evidence, as tending to show that Ronald J. Curby was
not the son of Emma Curby, deceased.

In the year 1942, Harry Curby died and Emma Curby
petitioned the county court of Iroquois county for

letters of administration in her husband's estate. At the time the petition was filed, it was alleged that Ronald J. Curby was a son of Harry Curby, deceased. Later, an amended petition was filed by Emma Curby in which it is stated that there was a statement made through mistake, on the part of her attorney, Claude M. Saum, who assumed that the said Ronald J. Curby, was a son of the deceased; that in fact, the said Ronald J. Curby, while he is not the son of said deceased, and while no legal proceedings were ever had for the adoption of said Ronald J. Curby, by said deceased, he had always been treated as a son by your petitioner and Harry Curby, deceased. The proof of heirship in the estate of Harry Curby, deceased, sworn to by Emma Curby, states that, "Harry Curby was married once only, to Emma Curby. Of said marriage—no children were born."

To rebutt this evidence, Ronald J. Curby produced witnesses who had known the Curbys for years, who testified that they had frequently heard both Harry Curby and Emma Curby, deceased, refer to Ronald as their son. Some of his witnesses testified that they knew when Mrs. Curby went to Chicago to get the baby, and she was gone, as they remembered it, for about two weeks. One witness testified that Mrs. Curby had the appearance of being pregnant.

Ronald J. Curby also introduced in evidence a document which was purported to be an unsigned will of Emma Curby, in which she bequeathed to "her beloved son, Ronald J. Curby," now of Beaverville, all her property, etc., and nominated, "My said son, Ronald J. Curby, as executor, etc." The appellees objected to the admission of this undersigned document, which we think was error for the court to admit, but considering it as being properly admitted, it does not tend to prove in any way, that Ronald J. Curby was a son and heir-at-law of Emma Curby, deceased. It is undisputed, and she so states in her affidavit in her

petition for letters of administration in her husband's estate that she and her husband had always treated Ronald as a son. It well might be, as suggested in the briefs, if Ronald were her son, the will would give him nothing that he was not entitled to, as her only heir-at-law.

From an examination of the record in this case, we think the evidence clearly establishes the fact that Ronald J. Curby was not the son of Emma Curby, deceased, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*